### BARRON & AL. vs. HOW.

*If the creditor gives a receipt for a note in payment of his account, this creates a novation of the debt.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action is brought to recover the balance due on an account, for sundry merchandize sold by the petitioner to defendant.— The defence set up is, that the debt has been novated by the plaintiff having been paid by notes, given by a certain David Talcott, in discharge of the debt now sued for.

The facts of the case, so far as they are necessary to be stated for a correct understand-

ing of the opinion we have formed, are these; the plaintiffs sold to How, Ellis and co. of Mobile, of which the defendant is a partner, a quantity of groceries: the bills of parcels were made out in their name, and the goods delivered them; the invoices were sent in to Talcott, who was at the time of the sale a member of the firm of How, Ellis and co. and he executed his notes, in favor of the petitioners, at three and four months for the amount, which were accepted and the bills receipted. Talcott forwarded the invoices to the house in Mobile, and charged them in his account with the amount, and also with his commissions on the transaction.

The parol evidence taken in the cause does not furnish us with any thing explicit, in relation to the understanding of the parties at the time of making the sale, as to whom the principal credit was given. Talcott states that the bill was sent in to him, and that he gave his notes in payment, that he never had any particular conversation with Barron, the plaintiff, respecting the purchase of the goods in question, that there was no stipulation or agreement between witness and the plaintiffs at the time of giving the notes that How was to be re-

East'nDistrict. leased from his responsibility, but that the notes
*Feb.* 1824. were given by witness, and taken by the peti-
BARRON & AL. tioners, in the usual course of business.
vs.
How

The instrument therefore is presented for construction on the terms used in it. It is found at the bottom of an account, in which How, Ellis and co. are stated to be debtors to Thos. Barron and co in the sum of $5,200, for merchandize, which account is receipted in these words, "*Received payment* by David Talcott's notes at three and four months.

In opposition to the effect which it is contended, on the part of the defendant, should be given to this receipt, the counsel for the plaintiffs has relied principally on that provision of our Civil Code, by which it is declared that the obligation, by which a debtor gives to the creditor an other debtor, who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor, who has made the obligation. No such express declaration, it is said, has been shewn in this case, and hence the original contract remains in full force.

If we were to give to the words, used in this article, the strict and litteral construction con-

East'nDistrict.
*Feb.* 1824.

BARRON & AL.
*vs.*
How

tended for, it would follow that no expression, used by the creditor could operate a novation, unless he expressly declared that he intended to discharge his debtor. This we do not think was what the law contemplated. The object was to prevent novation from being *inferred* from the act, and required in every case that the creditor should *express* it. In what terms it is immaterial, so that it is expressed; whether by saying in the language of the code that the debtor is discharged, or by declaring that hereafter the debtor substituted will be considered as *sole* debtor, or by acknowledging in any other words that the old obligation is extinguished—novation is effected. The law does not require that any particular words should be used to express the understanding of the parties, and it would have been quite absurd if it had. This article of our code is taken, as it is well known from, and corresponds with, the 1275th, article of the Napoleon Code, and the interpretation, we have just given to it, corresponds with the opinions expressed by the tribunals and jurists of France.

Whether the words, used in this receipt, are such as clearly mark the intention of the creditor to consider the old debt extinguished, is the

main question here. The answer to this query, is found in one to which there can be but one reply given. That is, whether payment of a debt does not extingui h it. Here it is not pretended, that a certain thing was not given, and received in payment—and if it were, we are wholly at a loss to perceive how the old debt could still be considered as in existence.

The argument for the plaintiffs, seemed to rest principally on a position, assumed by counsel, that when an obligation is contracted payable in money, nothing else can be a *payment* of it—and that when any thing else is accepted, the obligation is suspended, but not extinguished, until that which has been received is converted into money. To this doctrine we can by no means assent. The most natural way of extinguishing every obligation is, certainly to fulfil one's promise in giving the very thing due, and this is, perhaps, the proper sense of the word; *Solvere dicimus cum quis fecit, quod facere promisit*. But it is clear, that in the general acceptation of the word, it means every way by which the creditor is satisfied, or ought to be, and the debtor liberated, and it is equally clear, and of daily occurrence, that one thing may be given in place of an other, *in*

East'n. District
Feb. 1824.

BARRON & AL.
vs.
How

*payment*, and that if accepted, the payment is good, and the oligation extinguished. *Manifesti juris est, rebus pro numerata pecunia consentiente creditore datis, tolli paratam obligationem. Code, liv. 8, tit. 43, no. 17. Pothier traite de vente, no. 600. Toullier, droit civil, francais, vol. 7, lib. 3, tit. 3, chap. 5, no. 46.*

The author last cited, puts almost the case now before us, to illustrate the effects of a *dation en paiement,* as operating a novation, and discharge of the present debt. If, says he, I owe you a sum of money, and have given for the security of the debt a mortgage, should you consent to receive, *in payment*, a tract af land, from the moment the sale is complete, the first obligation, with all its accessions, is extinct, although you should be afterwards evicted of the property sold. *Toullier, ibid. no.* 282. *See also, Paillet Manuel de droit, francais, 5th Edition, p.* 444, *in note, Sirey, tom.* 19, *p.* 35.

Before concluding, it is necessary to notice the case of *Gordon, Grant and co. vs. Macarty,* on which so much reliance was placed. That case is by no means similar to this; though it is fresh within our recollection, that even then, we had considerable hesitation in deciding that the receipt given, did not extinguish the old

East'nDistrict.
Feb. 1824.

BARRON & AL.
vs.
How

debt. It was drawn up in these words, "Received Mr. Lanusse's note, dated 7th September, at six months in our favor for the above account." In this there was nothing expressly shewing, that the note was taken in payment, or that it was intended to extinguish the original debt. There appeared to be some room to infer it. But as the novation did not clearly result from the expressions used, we thought the case coming within the law, which forbids it being presumed, from the change of one debtor for another.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be be annulled, avoided, and reversed, and that there be judgment for the defendant with costs in both courts.

*Carleton* for the plaintiffs, *Morse* for the defendant.